# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FRANCIS W. DAVIS,

                Plaintiff,

    v.

CLARK, et al.,

                Defendants.

_____/

CASE NO. 1:05-CV-0908-AWI-DLB-P

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DEFENDANTS' MOTION
TO DISMISS BE GRANTED AND THIS
ACTION BE DISMISSED, WITHOUT
PREJUDICE, BASED ON PLAINTIFF'S
FAILURE TO EXHAUST PRIOR TO FILING
SUIT

(Doc. 26)

I.     Defendants' Motion to Dismiss

    A.    Procedural History

        Plaintiff Francis Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed July 14, 2005, against defendants Clark, Williams, Stohl and Sherman ("defendants").  Plaintiff alleges that defendants confiscated and destroyed his personal property in retaliation for his filing a civil rights lawsuit.  On December 27, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit.   In the alternative, defendants move for dismissal for failure to state a claim.  Plaintiff filed an opposition

1

on January 12, 2006.[1]  On January 26, 2006, plaintiff filed a request to amend his complaint to add

an additional defendant.[2]  Defendants filed a reply to plaintiff's opposition on January 25, 2006.

      B.    <u>Legal Standard</u>

      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement

applies to all prisoner suits relating to prison life.  <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

Prisoners must complete the prison's administrative process, regardless of the relief sought by the

prisoner and regardless of the relief offered by the process, as long as the administrative process can

provide some sort of relief on the complaint stated.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

"All 'available' remedies must now be exhausted; those remedies need not meet federal standards,

nor must they be 'plain, speedy, and effective.'"  <u>Porter</u>, 534 U.S. at 524 (citing to <u>Booth</u>, 532 U.S.

at 739 n.5).  Exhaustion must occur prior to filing suit.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-

1201 (9th Cir. 2002).  Plaintiff may not exhaust while the suit is pending.  <u>McKinney</u>, 311 F.3d at

1199-1201.

      The California Department of Corrections has an administrative grievance system for

prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, <u>et</u> <u>seq.</u>  "Any inmate or parolee under the

department's jurisdiction may appeal any departmental decision, action, condition, or policy which

they can reasonably demonstrate as having an adverse effect upon their welfare."  <u>Id</u>. at 3084.1(a).

Four levels of appeal are involved, including the informal level, first formal level, second formal

level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5

(2004).

      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 7, 2005.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

[2] Based on the Court's recommendation that defendants' motion to dismiss be granted, by order issued concurrently with this recommendation, the court denies plaintiff's motion to amend the complaint.

1  defense under which defendants have the burden of raising and proving the absence of exhaustion.

2  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   The failure to exhaust nonjudicial

3  administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion,

4  rather than a summary judgment motion.   Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l

5  Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).   In

6  deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look

7  beyond the pleadings and decide disputed issues of fact.   Wyatt, 315 F.3d at 1119-20.   If the court

8  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

9  dismissal without prejudice.   Id.

10        C.   Discussion

11        Plaintiff filed this suit on July 14, 2005.   Plaintiff alleges that on February 21, 2005,

12  defendants Clark and Williams searched his cell and took a box containing statutes.   Plaintiff alleges

13  that the statutes were taken from plaintiff in retaliation for filing a lawsuit against the officers.

14        In their motion to dismiss, defendants argue that plaintiff failed to exhaust his claims prior

15  to filing suit and that they are entitled to dismissal of this action as a result.   According to the

16  complaint, plaintiff filed an appeal regarding the confiscation of his property and was interviewed

17  by defendant Stohl on May 2, 2005.  Compl. at p. 12-14.  Based on the First Level Response attached

18  to plaintiff's compliant as Exhibit #1, plaintiff refused to participate in the interview process.

19  Compl. at p. 12.  Due to plaintiff's "loud, argumentative and disruptive" behavior, the interview

20  attempt was terminated and based on his "lack of cooperation" the appeal was canceled at the First

21  Level of Review.   Id.   Plaintiff disputes the allegation that he was uncooperative during the

22  interview. Id.

23        In his opposition, plaintiff concedes that he did not pursue the appeal beyond the first level

24  but argues that since the appeal was cancelled at the first level, it was exhausted.

25        The receipt of a Director's Level decision is not always necessary for exhaustion to occur.

26  In some circumstances, the granting of an inmate appeal at a lower level may satisfy the exhaustion

27  requirement.  See Ross v. County of San Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004); Clement

28  v. California Dept. of Corr., 220 F.Supp.2d 1098, 1106 (N.D. Cal. Sept. 9, 2002); Brady v. Attygala,

1  196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez v. Winslow, 177 F.Supp.2d 977, 985

2  (N.D. Cal. Aug. 28, 2001).  However, here, there is no dispute that plaintiff's appeal was cancelled

3  at the first level and plaintiff did not thereafter pursue the appeal.  While plaintiff may dispute the

4  reason for the cancellation, the fact remains that he did not pursue the appeal beyond the first level.

5  D.    Conclusion

6      Because plaintiff failed to exhaust his administrative remedies prior to filing this action, this

7  action must be dismissed.

8      Accordingly, it is HEREBY RECOMMENDED that:

9      1.    Defendants' motion to dismiss, filed December 27, 2005, be GRANTED; and

10     2.    Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice, based

11              on plaintiff's failure to exhaust the administrative remedies prior to filing suit.

12     These Findings and Recommendations will be submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

14  **days** after being served with these Findings and Recommendations, the parties may file written

15  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

16  Findings and Recommendations."  The parties are advised that failure to file objections within the

17  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

18  1153 (9th Cir. 1991).

19

20     IT IS SO ORDERED.

21     **Dated:    June 21, 2006**              _____**/s/ Dennis L. Beck**_____

22     3b142a                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28