# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS, | CASE NO. 1:05-CV-0908-AWI-DLB-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |
| v. | (Doc. 37) |
| CLARK, et al., | |
| Defendants. | |

Plaintiff Francis Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 28, 2006, this Court granted defendants' motion to dismiss the action based on plaintiff's failure to exhaust available administrative remedies prior to filing suit. Judgment was entered the same day. On September 7, 2006, plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil procedure 59(e), arguing that he should not be required to exhaust administrative remedies because his appeal was cancelled at the first level by defendant Stohl.

Federal Rule of Civil Procedure 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any . . . reason justifying relief from the operation of the judgment." The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Motions to reconsider are

1

1    committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441
2    (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party
3    must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
4    decision. <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal.
5    1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

6         This action was dismissed based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a),
7    which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
8    § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
9    facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires
10   that prisoners exhaust the available administrative remedies *prior* to filing suit. <u>McKinney v. Carey</u>,
11   311 F.3d 1198, 1199-1201 (9th Cir. 2002).

12        As evidence in the attachments to plaintiff's complaint, he refused to participate in the
13   interview process. Compl. at p. 12. Due to plaintiff's "loud, argumentative and disruptive"
14   behavior, the interview attempt was terminated and based on his "lack of cooperation" the appeal
15   was canceled at the First Level of Review. *Id*. Plaintiff concedes that he did not pursue the appeal
16   beyond the first level but argues that since the appeal was cancelled at the first level, it was
17   exhausted. As stated in the Magistrate Judge's Finding and Recommendation, while plaintiff may
18   dispute the reason for the cancellation, the fact remains that he did not pursue the appeal beyond the
19   first level. Plaintiff's decision to file suit before exhausting, is fatal to the instant action. Plaintiff's
20   sole remedy, if he wishes to pursue his claims, is to exhaust the administrative process and then file
21   a new action.

22        Accordingly, plaintiff's motion to amend or alter judgment and re-open this action, filed
23   September 7, 2006, is HEREBY ORDERED denied.

25   IT IS SO ORDERED.

26   **Dated:    October 3, 2006**              /s/ Anthony W. Ishii
     0m8i78                                  UNITED STATES DISTRICT JUDGE